# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOEL WHATLEY | * | CIVIL ACTION NO: |
| | * | |
| **Plaintiff** | * | |
| | * | SECTION " " |
| | * | |
| VERSUS | * | MAGISTRATE (   ) |
| | * | |
| | * | |
| TRISURA SPECIALTY INSURANCE | * | |
| COMPANY, ROYAL EXPRESS, INC., AND | * | |
| FRANCISCO GUERRA | * | |
| | * | |
| | * | |
| **Defendant** | * | |
| | * | **JURY TRIAL DEMANDED** |

**************************************************************************

## NOTICE OF REMOVAL
## AND REQUEST FOR TRIAL BY JURY

TO:   The Honorable Judges
      of the United States District Court
      for the Middle District of Louisiana

Pursuant to 28 U.S.C. §§1441 and 1446, Defendants, TRISURA SPECIALTY
INSURANCE COMPANY, ROYAL EXPRESS, INC., AND FRANCISCO GUERRA file this
Notice of Removal of the above captioned action from the 19th Judicial District Court, Parish of
East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District
of Louisiana.  In connection with this Notice of Removal, the defendants respectfully represent
as follows:

1.

## BACKGROUND

1

On August 27, 2021, the matter of *Joel Whatley v. Trisura Specialty Insurance Company, Royal Express, Inc., and Francisco Guerra* was filed in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, and assigned Docket No. C-71104727.  A copy of the Petition is attached hereto as Exhibit "NR-A."

2.

On September 10, 2021, Defendant, TRISURA SPECIALTY INSURANCE COMPANY was served with a copy of the Petition for Damages.  On November 8, 2021, ROYAL EXPRESS, INC. was served with a copy of the Petition for Damages.  On November 8, 2021, FRANCISCO GUERRA was served with a copy of the Petition for Damages.

3.

Upon information and belief, and according to his Petition, plaintiff is a person of full age of majority, and a citizen and domiciliary of Tangipahoa.  Defendants have the following domiciliary status:

Francisco Guerra- a person of the full age of majority and a citizen and domiciliary of the county of Webb, State of Texas;

Trisura Specialty Insurance Company- a foreign insurer domiciled in Oklahoma City, Oklahoma.

Royal Express, Inc.- a Texas Corporation with its principal place of business in Laredo, Texas.

4.

Plaintiff's Petition alleges personal injuries as a result of an alleged motor vehicle accident on September 27, 2020, while traveling east on Interstate 10 on the Mississippi Bridge

2

in Baton Rouge, Louisiana.[1]  Plaintiff alleges that defendant, Francisco Guerra attempted to change lanes, causing a collision with plaintiff's vehicle, and personal injuries to the plaintiff.[2]

5.

The Fifth Circuit Court of Appeals has established the removing defendant must prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.[3]  The defendant may make this showing in two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely in excess of $75,000, or (2) "by setting forth the *facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount."[4]

6.

Plaintiff's Petition did not specify an amount of damages sought, which is proper under Louisiana law.  Nor did Plaintiff's Petition contain any indication whether Plaintiff's damages exceed $75,000.  However, via correspondence dated November 30, 2021 between Plaintiff's counsel and Defendant's counsel, Plaintiff's counsel stated that he cannot stipulate to damages under $75,000.00 based on the amount of his client's damages. Plaintiff's counsel confirmed that his client's damages exceed $75,000.00.

7.

Pursuant to 28 U.S.C.A. § 1446(B)(1), "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such

---

[1] Exhibit NR-A, at Paragraph II.
[2] Exhibit NR-A, at Paragraph IV-VII.
[3] *James v. Home Depot USA, Inc.*, 2002 WL 1453824 *1 (E.D. La. 2002) (citing *Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999)).

3

action or proceeding is based…" However, pursuant to 28 U.S.C.A. § 1446(b)(3), "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order **or other paper** from which it may first be ascertained that the case is one which is or has become removable." Removal is timely because it was filed within 30 days of service of Plaintiff's Petition on Defendants Royal Express, Inc. and Francisco Guerra on November 8, 2021 and counsel's statement that Plaintiff's damages exceed $75,000,00 on November 30, 2021.

8.

**GROUNDS FOR REMOVAL—DIVERSITY JURISDICTION**

This Court has original jurisdiction of this action under 28 U.S.C. § 1332, and this action is, therefore, removable to this Court on the basis that the adverse parties to this action are completely diverse.

9.

Plaintiff, Joel Whatley is a person of full age of majority and a domiciliary of the Parish of Tangipahoa, State of Louisiana.

10.

Defendant, Royal Express, Inc., is a Texas corporation, with its principal place of business in Texas.

11.

Defendant, Francisco Guerra, is a is a person of the full age of majority and resident of and domiciled in county of Webb, State of Texas.

---

12.

Defendant, Trisura Specialty Insurance Company, is a foreign insurance company, domiciled in Oklahoma.

13.

Accordingly, there is complete diversity of citizenship between the Plaintiff and Defendants, Francisco Guerra, Roya Express, Inc., and Trisura Specialty Insurance Company.

14.

Therefore, this is a civil action over which the United States District Court for the Middle District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity exists between all adverse parties.

15.

The 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, is located within the Middle District of Louisiana pursuant to 28 U.S.C. § 98(c).  Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

16.

**AMOUNT IN CONTROVERSY EXCEEDS FEDERAL MINIMUM JURISDICTIONAL
REQUIREMENTS**

While Defendants herein admits no liability, nor any element of damages, and expressly denies same, in light of Plaintiff's counsel's own admissions as to Plaintiff's damages, it now appears clear that Plaintiff is alleging damages that, if true, which Defendants deny, places an

amount in controversy which exceeds the sum or value of $75,000, exclusive of interest and costs.

17.

This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000.00 and is between citizens of different states.

18.

Additionally, Plaintiff alleges that he sustained and continues to suffer injuries to the body and mind, including injuries to his neck, back and shoulders, together with past and future mental anguish and physical suffering, past and future loss of enjoyment of life, past and future expenses for medical care, including expenses for travel to the physician's office, and past and future lost earnings. [5]

19.

Pursuant to 28 U.S.C. §§1441(a) and 1446, this action is removable because this Court has jurisdiction over this case, and this Notice of Removal is filed timely within 30 days service on Defendants, Royal Express, Inc. and Francisco Guerra.

20.

As required by 28 U.S.C. §1446(d), a Notice to State Court of Filing of Notice of Removal, and a copy of this Notice of Removal, will be promptly filed in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, and served on plaintiff. A copy of the Notice to State Court of Filing of Notice of Removal is attached to this Notice of Removal as Exhibit "NR-B."

21.

Defendant requests a trial by jury on all issues triable by jury.

**WHEREFORE**, Defendants, TRISURA SPECIALTY INSURANCE COMPANY, ROYAL EXPRESS, INC., AND FRANCISCO GUERRA, respectfully request the removal of this action from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the United States Court for the Middle District of Louisiana.

Respectfully Submitted,

**THE JAVIER LAW FIRM**

*/s/ Roger A. Javier*
**ROGER A. JAVIER, T.A.**(Bar No. 26056)
**ALEXA M. YOUSSEF** (Bar No. 37364)
1340 Poydras St., Suite 2100
New Orleans, LA  70112
Telephone: (504) 599-8570
Facsimile:  (504) 599-8579
*Attorneys for Defendants,*
*Trisura Specialty Insurance Company,*
*Royal Express, Inc., and Francisco Guerra*

---

[5] Exhibit NR-A, Paragraph VII.

## CERTIFICATE OF SERVICE

I, ROGER A. JAVIER, hereby certify that on December 1, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing and via U.S. Mail to the following:  Joel Whatley, through his attorney of record, Craig A. Gentry, Morris Bart, L.L.C., 601 Poydras Street, 24th Floor, New Orleans, LA 70130, CGentry@morrisbart.com, registered CM/ECF user.

Respectfully Submitted,

**THE JAVIER LAW FIRM**

*/s/ Roger A. Javier*
**ROGER A. JAVIER, T.A.**(Bar No. 26056)
**ALEXA M. YOUSSEF** (Bar No. 37364)
1340 Poydras St., Suite 2100
New Orleans, LA  70112
Telephone: (504) 599-8570
Facsimile:  (504) 599-8579
*Attorneys for Defendants,*
*Trisura Specialty Insurance Company,*
*Royal Express, Inc., and Francisco Guerra*

8